UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
JOHNNY HOUSTON,

                      Plaintiff,

        -against-

CITY OF NEW YORK; Police Officer RYAN LATHROP, Shield No. 7736; and JOHN and JANE DOE 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                      Defendants.
------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of Plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

**JURY DEMAND**

5. Plaintiff demands a trial by jury in this action.

**PARTIES**

6. Plaintiff Johnny Houston ("Plaintiff") is a resident of Kings County in the City and State of New York.

7. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the New York City Police Department ("NYPD"), a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8. Defendant Police Officer Ryan Lathrop ("Lathrop"), Shield No. 7736, at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Lathrop is sued in his individual capacity.

9. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual capacities.

11. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12. On or about February 3, 2016, Plaintiff was lawfully present in the vicinity of 42nd Street in New York, New York.

13. While he was walking with his brother, Plaintiff was stopped by police officers, including Lathrop. Plaintiff vehemently protested the intrusion.

14. The officers had no reason to suspect that Plaintiff was concealing contraband or involved in criminal activity.

15. The officers falsely accused Plaintiff of selling drugs and conducted an unlawful search of Plaintiff.

16. Although the officers found no drugs or other indicators of criminal wrongdoing, Plaintiff was arrested and taken to a police precinct.

17. Plaintiff was then taken to Central Booking, where officers subjected him to an eye scan.

18. Plaintiff was released through the back door and never charged with any crime.

19. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
## 42 U.S.C. § 1983

20. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

21. Defendants, by their conduct toward Plaintiff alleged herein, violated Plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

22. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### Unlawful Stop and Search

23. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

24. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiff without reasonable suspicion.

25. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### False Arrest

26. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

27. Defendants violated the Fourth and Fourteenth Amendments because they arrested Plaintiff without probable cause.

28.   As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
## Denial Of Constitutional Right To Fair Trial

29.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

30.   The individual defendants created false evidence against Plaintiff.

31.   The individual defendants forwarded false evidence to prosecutors in the District Attorney's office.

32.   In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

33.   As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
## Failure To Intervene

34.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35.   Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an

opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

36. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth And Fourteenth Amendments.

37. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### *Monell*

38. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39. This is not an isolated incident. The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by plaintiff.

40. The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

41. The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

42. The City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue

here and has failed to change its policies, practices and customs to stop this behavior.

43. The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

44. These policies, practices, and customs were the moving force behind plaintiff's injuries.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   May 18, 2016
         New York, New York

                                                                                             /s_____
                                                                                Robert Marinelli
                                                                                305 Broadway, 10th Floor
                                                                                New York, New York 10007
                                                                                (212) 822-1427

                                                                                *Attorney for Plaintiff*